M. ERIK AHLANDER, ESQ.
Nevada Bar No. 9490
**AHLANDER INJURY LAW**
9183 W. Flamingo Rd., Ste. 110
Las Vegas, Nevada 89147
(702) 996-7400
erik@ahlanderinjurylaw.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN McDERMOTT, individually,<br><br>Plaintiff,<br>v.<br><br>OTIS ELEVATOR COMPANY, a foreign corporation; THE PEELLE COMPANY d/b/a PEELLE DOOR, a foreign corporation; SCHINDLER ELEVATOR CORPORATION, a foreign corporation; SCHINDLER ENTERPRISES, INC., a foreign corporation; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendant. | Case No.: 2:22-cv-01654-GMN-NJK<br><br>**STIPULATION FOR DEFENDANT OTIS ELEVATOR COMPANY TO WITHDRAW ITS PARTIAL MOTION TO DISMISS [ECF NO. 13] AND FOR DEFENDANT SCHINDLER ELEVATOR CORPORATION TO WITHDRAW ITS JOINDER TO THE PARTIAL MOTION TO DISMISS** |

COMES NOW Plaintiff, KEVIN McDERMOTT ("Plaintiff"), by and through his attorney, M. ERIK AHLANDER, ESQ. of AHLANDER INJURY LAW; and DEFENDANT OTIS ELEVATOR COMPANY ("OTIS"), by and through its counsel of record, JARED P. GREEN, ESQ. of BROWNE GREEN, LLC; and SCHINDLER ELEVATOR CORPORATION ("SCHINDLER"), by and through its counsel of record, ALEXANDRIA L. LAYTON, ESQ. of EVANS FEARS & SCHUTTERT, LLP and stipulate, subject to this Court's approval, for OTIS to withdraw its pending Partial Motion To Dismiss [EDC No. 13] and for SCHINDLER to

1

withdraw its pending Joinder to the Partial Motion to Dismiss [EDC 15] **on the terms set forth herein**.

## PROCEDURAL POSTURE

On October 20, 2022, Defendant OTIS filed its Partial Motion To Dismiss Plaintiff's Causes Of Action For Damages and Punitive Damages [ECF No. 13]. On October 27, 2022, Defendant, SCHINDLER filed its Joinder to the Partial Motion to Dismiss Plaintiff's Causes of Action for Damages and Punitive Damages. As of the filing of this Stipulation, no other Motion and no responsive pleading has been filed by any Defendant in this matter.

Pursuant to Local Rule 7-2(b), Plaintiff has until **November 3, 2022**, to respond to OTIS's Partial Motion To Dismiss.

Pursuant to FRCP 15(a)(1)(B), Plaintiff may amend his Complaint as a matter of course on or before **November 10, 2022**, *i.e.*, 21 days after service of the Partial Motion To Dismiss.

## TERMS OF STIPULATION

Plaintiff, OTIS, and SCHINDLER therefore stipulate, subject to this Court's approval, that Plaintiff will, on or before November 3, 2022, file his Amended Complaint. That [Proposed] Amended Complaint is attached hereto as Exhibit 1.

Plaintiff, OTIS, and SCHINDLER further stipulate, subject to this Court's approval, that OTIS's Partial Motion To Dismiss and SCHINDLER's related Joinder shall be deemed withdrawn and moot as of the filing of the Amended Complaint.

//
//
//
//
//
//
//
//

Plaintiff, OTIS, and SCHINDLER further stipulate, subject to this Court's approval, that neither this Stipulation nor the withdrawal and mooting of Otis's Partial Motion To Dismiss and the related Joinder shall in any way prejudice OTIS's or SHINDLER's ability to file any appropriate FRCP 12 Motion in response to the Amended Complaint, and OTIS and SCHINDLER expressly reserve their right to do so.

DATED this __3ᴿᴰ__ day of November, 2022.    DATED this __3ᴿᴰ__ day of November, 2022

**AHLANDER INJURY LAW**                      **BROWNE GREEN, LLC**

/s/ M. Erik Ahlander                         /s/ Jared P. Green
_____              _____

M. Erik Ahlander, Esq.                       Jared P. Green, Esq.
Nevada Bar No. 9490                          Nevada Bar No. 10059
9183 W. Flamingo Rd., Ste. 110               3755 Breakthrough Way, Suite 210
Las Vegas, Nevada 89147                      Las Vegas, Nevada 89135
*Attorney for Plaintiff*                     *Attorneys for Defendant*
                                             *Otis Elevator Company*

DATED this __3ʳᵈ__ day of November, 2022

**EVANS FEARS & SCHUTTERT, LLP**

/s/ Alexandria L. Layton
_____

Alexandria L. Layton, Esq.
Nevada Bar No. 14228
6720 Via Austi Parkway, Suite 300
Las Vegas, NV 89119
*Attorney for Defendant*
*Schindler Elevator Corporation*

//

//

//

//

## ORDER

**IT IS ORDERED THAT,** on or before November 3, 2022, Plaintiff shall file his Amended Complaint, submitted as Exhibit 1 to this Stipulation; and

**IT IS FURTHER ORDERED THAT,** as of the filing of Plaintiff's Amended Complaint, Defendant OTIS's pending Partial Motion To Dismiss [ECF No. 13] and SCHINDLER'S Joinder to the Partial Motion to Dismiss [ECF No. 15] shall be deemed withdrawn and moot, without prejudice as to OTIS's and SCHINDLER's ability to file any appropriate FRCP 12 Motion in response to Plaintiff's Amended Complaint.

**IT IS SO ORDERED.**

Dated this __3__ day of November, 2022

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

# "Exhibit 1"

M. ERIK AHLANDER, ESQ.
Nevada Bar No. 9490
**AHLANDER INJURY LAW**
9183 W. Flamingo Rd., Ste. 110
Las Vegas, Nevada 89147
(702) 996-7400
erik@ahlanderinjurylaw.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN McDERMOTT, individually,<br><br>Plaintiff,<br>v.<br><br>OTIS ELEVATOR COMPANY, a foreign corporation; THE PEELLE COMPANY d/b/a PEELLE DOOR, a foreign corporation; SCHINDLER ELEVATOR CORPORATION, a foreign corporation; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendant. | Case No.: 2:22-cv-01654-GMN-NJK<br><br>**[PROPOSED] AMENDED COMPLAINT** |

## [PROPOSED] AMENDED COMPLAINT

COMES NOW Plaintiff KEVIN McDERMOTT individually, by and through his attorney, M. ERIK AHLANDER, ESQ. of AHLANDER INJURY LAW, and for his causes of action against Defendants, and each of them, alleges as follows:

1. This Court has jurisdiction over this matter pursuant to Nev. Const. art. VI, Sec. 6, as this Court has original jurisdiction in all cases not assigned to the justices' courts.

2. That at all times relevant to these proceedings, Plaintiff KEVIN McDERMOTT ("Plaintiff") was and is a resident of the County of Clark, State of Nevada.

3. Defendant OTIS ELEVATOR COMPANY ("OTIS") is a corporation foreign to the State of Nevada being duly organized and incorporated under the laws of the State of New Jersey,

1

but registered to do business in the State of Nevada and having its physical corporate address as One Carrier Place, Farmington, Connecticut 06032.

4. Defendant THE PEELLE COMPANY d/b/a PEELLE DOOR ("PEELLE") is a corporation foreign to the State of Nevada being duly organized and incorporated under the laws of Canada, but registered to do business in the United States and having its United States physical corporate address as 34 East Main Street, #372, Smithtown, NY 11787.

5. Defendant SCHINDLER ELEVATOR CORPORATION ("SCHINDLER ELEVATOR") is a corporation foreign to the State of Nevada being duly organized and incorporated under the laws of the State of Delaware, but registered to do business in the State of Nevada and having its physical corporate address as 20 Whippany Road, Morristown, New Jersey 07960.

6. That the true names and capacities, whether individual, corporate, associate or otherwise of Defendants named herein as DOES I through X and ROE CORPORATIONS I through X are unknown to Plaintiff who therefore, sues said Defendants by said fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as DOES and ROES are responsible in some manner for the events and happenings referred to, and caused damages proximately to Plaintiff as herein alleged, and Plaintiff will ask leave of this Court to amend his Complaint to insert the true names and capacities of DOES I through X and ROE CORPORATIONS I through X when the same have been ascertained and to join such Defendants in this action. At all times mentioned herein, each Defendant was acting as the agent, servant, and employee of each other Defendant.

7. Does I through X and Roe Corporations I through X include the subsidiaries, parent companies, successors and predecessors in interest, assignees, alter egos, or otherwise are liable for the liabilities of Defendants, and each of them. At all times mentioned herein, each Defendant was acting as the agent, servant, and employee of each other Defendant.

8. All Defendants have had such minimum contacts with the state of Nevada so as to grant this Court jurisdiction over their person or entity, whether generally, or as a specific result of the facts giving rise to this complaint.

9. At all times mentioned herein, Defendants OTIS and PEELLE were engaged in the business of designing, manufacturing, and marketing elevators and safety screens for the general public.

10. That OTIS and/or PEELLE designed, manufactured, and placed into the stream of commerce a freight elevator and a safety screen, by selling and/or otherwise distributing the elevator and screen prior to September 11, 2020, to non-party Caesars Palace Las Vegas Hotel and Casino ("Caesars Palace"), located at 3570 S. Las Vegas Boulevard, Las Vegas, Nevada.

11. That prior to September 11, 2020, Defendants entered into a contract with each other and/or with Caesars Palace to service and maintain the elevators and security screens located within Caesars Palace, including the freight elevator commonly known as freight elevator #84 within that premises.

12. Upon Defendants' installation of freight elevator #84 and its security screen, it was represented by Defendants, and each of them, to be safe and free from latent defects.

13. On or about September 11, 2020, Plaintiff, was working as a utility porter for Caesars Palace and was attempting to enter elevator #84 for its intended purpose of transporting him on his electric cart with other items.

14. As Plaintiff attempted to enter freight elevator #84, the outer safety screen to the elevator suddenly and without warning closed down on him, causing him to sustain significant injuries to right arm and shoulder.

15. As a result of Defendants, and each of them, and their acts or omissions, the right safety screen prematurely closed before Plaintiff could enter the elevator as described above, causing substantial bodily injury to Plaintiff.

16. As a result of the Defendants' conduct, Plaintiff suffered severe bodily injuries that will hereinafter be more fully described.

**FIRST CAUSE OF ACTION**
**Strict Product Liability, Defective Design, Manufacturer and/or Failure to Warn**

17. Plaintiff incorporates by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

3

18.	At all relevant times here, Defendants, OTIS and PEELLE, including but not limited to all DOE and ROE Defendants, were in the business of designing, manufacturing, selling, and/or marketing the freight elevator, with its safety screen, which was designed, marketed, and/or sold for use by the general public, including Plaintiff, all with knowledge that the same would not be inspected or tested by the purchaser or user for defects.

19.	Defendants, OTIS and PEELLE placed the freight elevator, with its safety screen, on the market and in the stream of commerce with the knowledge that the public would use the product.

20.	Before selling/distributing it to Caesars Palace, all Defendants maintained custody and control of the product.

21.	Plaintiff and/or other third parties were foreseeable users of the subject freight elevator with its safety screen and relied upon its safety.

22.	The subject elevator and its attached safety screen were defectively designed and manufactured because its use resulted in a substantial and unreasonable likelihood of causing physical injury that rendered the elevator unreasonably dangerous for its intended use.

23.	That at all relevant times, Plaintiff sustained serious and debilitating injuries when, suddenly and without warning, the elevator safety screen malfunctioned and closed on him due to the defects contained therein.

24.	The elevator, with its safety screen, was far more dangerous than an ordinary consumer would expect and was unsuitable for its intended purpose.

25.	Defendants failed to warn Plaintiff of defects associated with the elevator and its safety screen.

26.	Plaintiff was unaware of the dangerous propensities and defective conditions of the elevator and its safety screen.

27.	That Defendants, OTIS and PEELLE knew or should have known of the subject elevator and its safety screen's defect which rendered it unreasonably dangerous at the time of placing the elevator into the stream of commerce and failed to undertake measures to prohibit it from entering into the stream of commerce and into the hands of users in the State of Nevada,

including warnings of the risks for the product failure, proper use and maintenance of the product and proper inspection of the product for potential hazards and/or defects.

28. In committing the acts and/or omissions described herein, Defendants, OTIS and PEELLE engaged in despicable conduct that subjected Plaintiff to cruel and unjust hardship with conscious disregard of the rights of Plaintiff.

29. In committing the acts and/or omissions described herein, Defendants, OTIS and PEELLE engaged in intentional misrepresentation, deception, and/or concealment of a material fact known to Defendants, and each of them, with the intent to deprive Plaintiff of her rights and/or property and/or to otherwise injure Plaintiff.

30. In committing the acts and/or omissions described herein, Defendants, OTIS and PEELLE engaged in conduct which is intended to injure Plaintiff and/or despicable conduct which is engaged in with a conscious disregard of the rights and/or safety of Plaintiff, and Plaintiff is entitled to punitive damages for these actions of Defendants, OTIS and PEELLE.

31. In committing the actions and/or omissions described herein, Defendants, OTIS and PEELLE acted and/or failed to act with knowledge of the probable harmful consequences of each wrongful act and/or omission and with a willful and deliberate failure to act to avoid those consequences.

32. As a direct and proximate result of the defective nature of the Product, and Defendants' failure to warn of the defect, Plaintiff has suffered bodily injuries, pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of earning capacity. These losses are permanent and continuing in nature and Plaintiff will continue to suffer these losses in the future, all to Plaintiff's damage in a sum in excess of $15,000.

33. That as a direct and proximate result of the aforementioned strict product liability of Defendants, OTIS and PEELLE, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

//

## SECOND CAUSE OF ACTION
### Negligence

34. Plaintiff incorporates by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

35. Defendants were negligent in the design, manufacture, installation, maintenance and/or service of the freight elevator and its safety screen. Defendants knew, or in the exercise of ordinary care should have known, that the elevator with its safety screen was defective and unreasonably dangerous to those persons likely to use the elevator for the purpose and in the manner for which it was intended to be used. One or more Defendants were negligent in the particulars set forth in this and the preceding paragraph and such negligence was a proximate cause of the occurrence in question.

36. Defendants, and each of them knew, or in the exercise of ordinary care should have known, of the means of designing and manufacturing a reasonably safe elevator and safety screen so as not to cause the safety screen to prematurely close before an elevator passenger had fully entered the elevator car, or, in the alternative, should have conducted a reasonable inspection, maintenance and/or service of the elevator and its safety screen. Further, such reasonable inspection, maintenance and/or service would have revealed that the elevator and its safety screen were dangerous for their intended use.

37. Defendants, and each of them, further, had actual knowledge of the means of design, manufacture, maintenance, installation and service of such an elevator and safety screen and related materials which would have prevented the safety screen from prematurely closing while the elevator was in proper use.

38. Notwithstanding this knowledge, Defendants, and each of them, failed to properly design, manufacture, install, maintain, and/or serve the elevator and its safety screen with safe materials or repairs to prevent the safety screen from prematurely closing and thus causing the subject incident.

39. Defendants, and each of them, owed Plaintiff the duty of reasonable care when it designed, manufactured, installed, inspected, maintained, serviced and/or marketed the elevator with

its safety screen.

40. One or more Defendants violated its duty and was negligent in the particulars set forth above.

41. In committing the acts and/or omissions described herein, Defendants, and each of them, engaged in despicable conduct that subjected Plaintiff to cruel and unjust hardship with conscious disregard of the rights of Plaintiff.

42. In committing the acts and/or omissions described herein, Defendants, and each of them, engaged in negligent misrepresentation, deception, and/or concealment of a material fact known to Defendants, and each of them, and negligently deprived Plaintiff of his rights and otherwise negligently injured Plaintiff.

43. Each of the above-mentioned acts or omissions was a proximate cause of the injuries suffered by Plaintiff and caused damages to him in excess of $15,000.

## THIRD CAUSE OF ACTION
### Breach of Implied Warranty of Fitness for a Particular Purpose

44. Plaintiff incorporates by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

45. At the times mentioned in this action, Defendants, OTIS and PEELLE, and all other DOE and ROE Defendants, designed and manufactured the elevator with its safety screen for use by ultimate consumers such as Plaintiff.

46. On or about September 11, 2020, Plaintiff attempted to use the freight elevator and its security screen in Caesars Palace, manufactured and designed by Defendants OTIS and PEELLE for resale to ultimate consumers such as Caesars Palace for use by Plaintiff. Further, the elevator and its safety screen was delivered to Caesars Palace in its original production condition before the ultimate sale and installation of the elevator tire to Caesars Palace for use by Plaintiff.

47. On or about September 11, 2020, the subject elevator's safety screen, while being used for its intended use, suddenly and without warning and as a result of the Defendants' acts and/or omissions, prematurely closed down on top of Plaintiff. Thus, contrary to the express and implied warranties given by Defendants, OTIS and PEELLE, the elevator with its safety screen was not fit

for its intended use, rendering the elevator in question unreasonably dangerous.

48. Defendants OTIS and PEELLE impliedly warranted that the freight elevator was fit for use, the purpose for which it was designed, and that it was a safe and suitable elevator to be used for transporting employees and freight items, and that the elevator was fit and suitable for the use in fact made by Plaintiff.

49. In using the elevator with its safety screen, Plaintiff specifically relied on Defendants' judgment and skill, and the implied warranty of fitness for the particular purpose for which Plaintiff used the elevator.

50. The Defendants, OTIS and PEELLE, by and through the sale of the elevator in question to Caesars Palace, expressly and impliedly warranted to the public generally, and to the Plaintiff specifically, that the elevator and its incorporated materials were fit for the purposes for which they were intended.

51. That the elevator with its safety screen was not fit for use for its intended and represented purpose, and as a result of Defendants OTIS and PEELLE's breach of warranty of fitness of the elevator, Plaintiff sustained substantial bodily injury as stated above. Further, that the above-mentioned defects rendered the elevator unreasonably dangerous and a proximate cause and a producing cause of the incident in question and the resulting injuries suffered by Plaintiff. Further, the Defendants' conduct was done knowingly.

52. In committing the acts and/or omissions described herein, Defendants, OTIS and PEELLE engaged in despicable conduct that subjected Plaintiff to cruel and unjust hardship with conscious disregard of the rights of Plaintiff.

53. In committing the acts and/or omissions described herein, Defendants, OTIS and PEELLE engaged in intentional misrepresentation, deception, and/or concealment of a material fact known to Defendants, and each of them, with the intent to deprive Plaintiff of his rights and/or property and/or to otherwise injure Plaintiff.

54. In committing the acts and/or omissions described herein, Defendants, OTIS and PEELLE engaged in conduct which was intended to injure Plaintiff and/or despicable conduct which was engaged in with a conscious disregard of the rights and/or safety of Plaintiff, and Plaintiff is

entitled to punitive damages for these actions of Defendants, OTIS and PEELLE

55. In committing the actions and/or omissions described herein, Defendants, OTIS and PEELLE acted and/or failed to act with knowledge of the probable harmful consequences of each wrongful act and/or omission and with a willful and deliberate failure to act to avoid those consequences.

WHEREFORE Plaintiff, expressly reserving the right to amend his Complaint at the time of trial of the actions herein to include all items of damages not yet ascertained, individually, demands judgment against Defendants as follows:

1. General damages in an amount in excess of $15,000;
2. Damages for costs of medical care and treatment and costs incidental therein, when the same have been fully ascertained;
3. Punitive damages in an amount to be determined at trial against Defendants OTIS and PEELLE.
4. For reasonable attorneys' fees and costs of suit incurred herein; and,
5. For such other and further relief as the Court may deem proper.

DATED this _____ day of November, 2022.

**AHLANDER INJURY LAW**

_____
M. ERIK AHLANDER, ESQ.
Nevada Bar No. 9490
9183 W. Flamingo Rd., Ste. 110
Las Vegas, Nevada 89147
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **STIPULATION FOR DEFENDANT OTIS ELEVATOR COMPANY TO WITHDRAW ITS PARTIAL MOTION TO DISMISS [ECF NO. 13] AND FOR DEFENDANT SCHINDLER ELEVATOR CORPORATION TO WITHDRAW ITS JOINDER TO THE PARTIAL MOTION TO DISMISS** was served on counsel of record this 3rd day of November, 2022 using the Court's CM/ECF System.

/s/ Victoria DiBlasi
An employee of AHLANDER INJURY LAW