Jay J. Schuttert, Esq. (SBN 8656)
Alexandria L. Layton, Esq. (SBN 14228)
Paige S. Silva, Esq. (SBN 16001)
**EVANS FEARS & SCHUTTERT LLP**
6720 Via Austi Parkway, Suite 300
Las Vegas, NV 89119
Telephone: (702) 805-0290
Facsimile: (702) 805-0291
Email: jschuttert@efstriallaw.com
Email: alayton@efstriallaw.com
Email: psilva@efstriallaw.com

*Attorneys for Defendant*
*Schindler Elevator Corporation*

**UNITED STATES DISTRICT COURT**

**FOR THE STATE OF NEVADA**

| | |
|---|---|
| KEVIN MCDERMOTT,<br><br>Plaintiff,<br><br>vs.<br><br>OTIS ELEVATOR COMPANY, a foreign corporation; THE PEELLE COMPANY d/b/a PEELLE DOOR, a foreign corporation, SCHINDLER ELEVATOR CORPORATION, a foreign corporation; DOES I through X; and ROE CORPORATIONS I through X; inclusive,<br><br>Defendants. | Case No. 2:22-cv-01654-GMN-NJK<br><br>**JOINT STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**(First Request)** |

      IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff KEVIN MCDERMOTT ("Plaintiff"), Defendant SCHINDLER ELEVATOR CORPORATION ("Schindler"), and Defendant OTIS ELEVATOR COMPANY ("Otis"), through their respective counsel, that the case management discovery deadlines in the Court's Order dated December 28, 2022 [ECF No. 31] be extended by ninety (90) days, pursuant to FRCP 29 and LR 26-3 as follows. This requested extension was necessitated by Plaintiff's recently-approved for extension for time to serve Defendant The Peelle Company, d/b/a Peelle Door ("Peelle"), the foreign party which

manufactured the elevator door security gate at issue and a necessary party to this litigation. This is the first request for an extension of the discovery deadlines.

**I.   DISCOVERY COMPLETED TO DATE**

1. On December 5, 2022, Plaintiff served his FRCP 26 Initial Disclosures;

2. On December 11, 2022 Defendant Otis served its FRCP 26 Initial Disclosures;

3. On December 20, 2022, Defendant Schindler served its FRCP 26 Initial Disclosures;

4. On January 11, 2023, Defendant Schindler served a subpoena duces tecum on Caesars Palace;

5. On February 16, 2023, Plaintiff served his First Set of Interrogatories and First Set of Requests for Production of Documents on Defendant Schindler;

6. On February 22, 2023, Defendant Schindler served its First Set of Interrogatories and First set of Requests for Production of Documents on Plaintiff;

7. On February 23, 2023, Defendant Schindler served a subpoena duces tecum on Nevada OSHA;

8. On February 27, 2023 Plaintiff served his First Supplement to FRCP 26 Initial Disclosures, Responses to Defendant Schindler's First Set of Interrogatories, and Responses to Defendant Schindler's First Set of Requests for Production of Documents;

9. On March 2, 2023, Defendant Schindler served its First Supplement to FRCP 26 Initial Disclosures;

10. On March 20, 2023, Defendant Schindler served a subpoena duces tecum on CCMSI;

11. On March 24, 2023, Defendant Schindler served its Responses to Plaintiff's First Set of Interrogatories and First Set of Requests for Production of Documents;

12. The Parties have subpoenaed various medical providers and other entities with records pertaining to Plaintiff and the subject incident.

13. On April 6, 2023, this Court granted Plaintiff a 90-day extension of time, up until July 18, 2023, to serve the Canadian company Peelle which manufactured the elevator safety gate at issue. [ECF No. 34].

## II. DISCOVERY TO BE COMPLETED AND REASONS WHY THE DISCOVERY REMAINING CANNOT COMPLETED WITHIN THE TIME LIMITS

Plaintiff and Defendants respectfully request a 90-day extension of the current case management deadlines to allow time for Peele to be served/appear in the action and to participate in the following discovery to be completed:

1. **Fact witness depositions:** Defendants wish to depose Plaintiff Kevin McDermott, Plaintiff's treating physicians, and Plaintiff's managers at Caesars Palace to whom Mr. McDermott reported the incident. However, Defendants have been waiting to do so until after the Peele has been served so as to not require a second deposition after Peelle is served and enters the case, effectively duplicating efforts. Moreover, if the parties conduct these essential depositions now before Peelle is served, non-party witnesses from Caesars and Plaintiff's treater physicians could be forced to attend depositions twice.

2. **Discovery involving Peelle**: Peelle is a vital defendant in this case: Plaintiff's allegations are that the "safety gate" struck him while he was entering the subject elevator. The other defendants, Schindler and Otis, only maintained the elevator and installed the elevator, respectively, and the safety gate is a vital part of this product liability case. The parties need to conduct discovery involving Peelle, which includes written discovery, document requests involving the safety gate at issue, and a FRCP 30(b)(6) deposition of the party. More importantly, this needs to be done prior to the expert disclosure deadline so the parties may disclose expert witnesses.

3. **Inspection of the subject elevator:** The parties require an inspection of the subject elevator and security gate at Caesars Palace, prior to the disclosure of expert witnesses and reports. However, this inspection should be conducted after Peelle is added as a party in order to allow Peelle to meaningfully participate in the inspection and to avoid requiring a second inspection. Moreover, this inspection will require the coordination of at least 4 attorneys and their experts, which the parties likely will not be able to before Plaintiff's initial expert disclosure deadline, which is currently set for May 18, 2023.

4. **Expert witness depositions:** Expert witness depositions are expected to be completed after the disclosure of expert witnesses pursuant to this Court's order. However, each

party is expected to retain multiple expert witnesses and it will therefore take additional time to coordinate, prepare for, and take the depositions. Furthermore, the expert depositions should be conducted after Peelle is added as a party in order to allow Peelle to attend the depositions to avoid requiring a second deposition of multiple expert witnesses.

        5.    **Other discovery:** Moreover, the extension will allow the parties to do any necessary follow-up discovery after responses to existing written discovery are served, to depose later-identified witnesses and experts, and to obtain any additional records.

        **III.**    **GOOD CAUSE EXISTS FOR A DISCOVERY EXTENSION**

The parties have been diligently conducting discovery in this matter, as evidenced by the written discovery exchanged between the parties. However, Peelle is a necessary party in this case because it manufactured the security gate at issue in this case. Plaintiff has just obtained a 90-day extension to serve Peele, a Canadian company, until July 18, 2023 and therefore a 90-day extension on all discovery deadlines is practical here to ensure that Peelle has adequate time to be added as a party and subsequently to participate meaningfully in the forthcoming discovery efforts proposed by the parties. Specifically, to avoid having to conduct a second deposition of Plaintiff, and nonparty physicians and Caesars employees, the parties request an extension to be able to conduct this necessary discovery after Peelle enters the case. More importantly, the safety gate is a vital part of this product liability case. The parties need to conduct discovery involving Peelle, which includes written discovery, document requests involving the safety gate at issue, and a FRCP 30(b)(6) deposition of the party. This discovery needs to occur before the expert disclosure deadlines (currently May 18, 2023 and June 20, 2023) in order for the parties to serve fulsome and relevant expert disclosures involving the safety gate at issue. Therefore, due to the nature of Plaintiff's extension to serve Peelle, as well as the number of parties and potential experts in this case, an additional 90 days for discovery is necessary to allow enough time to complete the discovery outlined above and to properly develop the claims and defenses of each respective party.

Plaintiff and Defendants agree with the proposed extension of the current discovery deadlines by 90 days. Accordingly, no party is prejudiced by the additional time necessary to conduct the remaining discovery and to prepare for expert discovery. Counsel for the parties have

been diligently working together to prepare this stipulation and obtain an extension of the current discovery deadlines.

All of the foregoing circumstances constitute good cause to extend the remaining discovery deadlines, and the parties jointly and in good faith request this Court enter an Order extending the discovery deadlines in accordance with their stipulation.

### IV.   PROPOSED REVISED DISCOVERY PLAN

The parties hereby stipulate to continue the discovery deadlines and dispositive motion deadline 90 days and propose the following amendments to the current discovery deadlines:

|  | **Old Deadline** | **New Deadline** |
|---|---|---|
| Final date to amend pleadings or add parties: | May 8, 2023 | **August 7, 2023** |
| Plaintiff's initial expert disclosures: | May 18, 2023 | **August 16, 2023** |
| Defendant's initial expert disclosures: | June 20, 2023 | **September 18, 2023** |
| Rebuttal expert disclosures: | July 19, 2023 | **October 17, 2023** |
| Discovery cut off: | August 16, 2023 | **November 14, 2023** |
| Dispositive Motions: | September 15, 2023 | **December 14, 2023** |

No trial date has been set.

**SUBMITTED BY THE FOLLOWING COUNSEL OF RECORD:**

Dated:  April 18, 2023.

**EVANS FEARS & SCHUTTERT LLP**      **BROWNE GREEN, LLC**

*/s/ Jay J. Schuttert*
Jay J. Schuttert, Esq. (SBN 8656)
Alexandria L. Layton, Esq. (SBN 14228)
Paige S. Silva, Esq. (SBN 16001)
6720 Via Austi Parkway, Suite 300
Las Vegas, NV 89119

*Attorneys for Defendant
Schindler Elevator Corporation*

*/s/ Jared Green*
Jared Green, Esq. (SBN 10059)
Brian Unguren, Esq. (SBN 14427)
3755 Breakthrough Way, Suite 210
Las Vegas, NV 89135

*Attorneys for Defendant Otis Elevator Company*

1  **AHLANDER INJURY LAW**

3  */s/ M. Erik Ahlander*
M. Erik Ahlander, Esq. (SBN 9490)
4  9183 W. Flamingo Road, Suite 110
Las Vegas, NV 89147

*Attorneys for Plaintiff Kevin McDermott*

# ORDER

**IT IS SO ORDERED.** Based upon the foregoing stipulation, the 90-day extensions to discovery deadlines are granted as follows:

|  | **Old Deadline** | **New Deadline** |
|---|---|---|
| Final date to amend pleadings or add parties: | May 8, 2023 | **August 7, 2023** |
| Plaintiff's initial expert disclosures: | May 18, 2023 | **August 16, 2023** |
| Defendant's initial expert disclosures: | June 20, 2023 | **September 18, 2023** |
| Rebuttal expert disclosures: | July 19, 2023 | **October 17, 2023** |
| Discovery cut off: | August 16, 2023 | **November 14, 2023** |
| Dispositive Motions: | September 15, 2023 | **December 14, 2023** |

No trial date has been set.

UNITED STATES MAGISTRATE JUDGE

DATED: April 20, 2023