Jay J. Schuttert, Esq. (SBN 8656)
Alexandria L. Layton, Esq. (SBN 14228)
Paige S. Silva, Esq. (SBN 16001)
**EVANS FEARS SCHUTTERT MCNULTY MICKUS**
6720 Via Austi Parkway, Suite 300
Las Vegas, NV 89119
Telephone: (702) 805-0290
Facsimile: (702) 805-0291
Email: jschuttert@efstriallaw.com
Email: alayton@efstriallaw.com
Email: psilva@efstriallaw.com

*Attorneys for Defendant*
*Schindler Elevator Corporation*

## UNITED STATES DISTRICT COURT

## FOR THE STATE OF NEVADA

| | |
|---|---|
| KEVIN MCDERMOTT,<br><br>Plaintiff,<br><br>vs.<br><br>OTIS ELEVATOR COMPANY, a foreign corporation; THE PEELLE COMPANY d/b/a PEELLE DOOR, a foreign corporation, SCHINDLER ELEVATOR CORPORATION, a foreign corporation; DOES I through X; and ROE CORPORATIONS I through X; inclusive,<br><br>Defendants. | **Case No. 2:22-cv-01654-APG-BNW**<br><br>**JOINT STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**(Second Request)** |

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff KEVIN MCDERMOTT ("Plaintiff"), Defendant SCHINDLER ELEVATOR CORPORATION ("Schindler"), and Defendant OTIS ELEVATOR COMPANY ("Otis"), through their respective counsel, that the case management discovery deadlines in the Order Extending Discovery Deadlines (First Request), April 20, 2023 [ECF No. 36] be extended by one hundred and twenty (120) days, pursuant to FRCP 29 and LR 26-3 as follows. This requested extension was necessitated by Plaintiff's second recently-approved for extension for time to serve Defendant The Peelle Company, d/b/a Peelle Door ("Peelle"), the foreign party which manufactured the elevator

Evans Fears Schuttert McNulty Mickus
6720 Via Austi Parkway, Suite 300
Las Vegas, NV 89119

door security gate at issue and a necessary party to this litigation.  This is the first request for an extension of the discovery deadlines.

**I.**      **DISCOVERY COMPLETED TO DATE**

1.      On December 5, 2022, Plaintiff served his FRCP 26 Initial Disclosures;

2.      On December 11, 2022 Defendant Otis served its FRCP 26 Initial Disclosures;

3.      On December 20, 2022, Defendant Schindler served its FRCP 26 Initial Disclosures;

4.      On January 11, 2023, Defendant Schindler served a subpoena duces tecum on Caesars Palace;

5.      On February 16, 2023, Plaintiff served his First Set of Interrogatories and First Set of Requests for Production of Documents on Defendant Schindler;

6.      On February 22, 2023, Defendant Schindler served its First Set of Interrogatories and First set of Requests for Production of Documents on Plaintiff;

7.      On February 23, 2023, Defendant Schindler served a subpoena duces tecum on Nevada OSHA;

8.      On February 27, 2023 Plaintiff served his First Supplement to FRCP 26 Initial Disclosures, Responses to Defendant Schindler's First Set of Interrogatories, and Responses to Defendant Schindler's First Set of Requests for Production of Documents;

9.      On March 2, 2023, Defendant Schindler served its First Supplement to FRCP 26 Initial Disclosures;

10.     On March 20, 2023, Defendant Schindler served a subpoena duces tecum on CCMSI;

11.     On March 24, 2023, Defendant Schindler served its Responses to Plaintiff's First Set of Interrogatories and First Set of Requests for Production of Documents;

12.     The Parties have subpoenaed various medical providers and other entities with records pertaining to Plaintiff and the subject incident.

13.     On April 6, 2023, this Court granted Plaintiff a 90-day extension of time, up until July 18, 2023, to serve the Canadian company Peelle which manufactured the elevator safety gate at issue. [ECF No. 34].

14.     On April 20, 2023, this Court granted Plaintiff, Schindler and Otis a 90-day extension of time with regard to discovery deadlines, [ECF No. 36].

15.     On June 29, 2023, this Court granted Plaintiff an additional 90-day extension of time, up until October 16, 2023, to serve the Canadian company Peelle which manufactured the elevator safety gate at issue. [ECF No. 38].

**II.     DISCOVERY TO BE COMPLETED AND REASONS WHY THE DISCOVERY REMAINING CANNOT COMPLETED WITHIN THE TIME LIMITS**

Plaintiff and Defendants respectfully request a 120-day extension of the current case management deadlines to allow time for Peele to be served/appear in the action and to participate in the following discovery to be completed:

1.     **Fact witness depositions:** Defendants wish to depose Plaintiff Kevin McDermott, Plaintiff's treating physicians, and Plaintiff's managers at Caesars Palace to whom Mr. McDermott reported the incident. However, Defendants have been waiting to do so until after the Peelle has been served so as to not require a second deposition after Peelle is served and enters the case, effectively duplicating efforts. Moreover, if the parties conduct these essential depositions now before Peelle is served, non-party witnesses from Caesars and Plaintiff's treater physicians could be forced to attend depositions twice.

2.     **Discovery involving Peelle**: Peelle is a vital defendant in this case: Plaintiff's allegations are that the "safety gate" struck him while he was entering the subject elevator. The other defendants, Schindler and Otis, only maintained the elevator and installed the elevator, respectively, and the safety gate is a vital part of this product liability case.  The parties need to conduct discovery involving Peelle, which includes written discovery, document requests involving the safety gate at issue, and a FRCP 30(b)(6) deposition of the party. More importantly, this needs to be done prior to the expert disclosure deadline so the parties may disclose expert witnesses.

3.     **Inspection of the subject elevator:** The parties require an inspection of the subject elevator and security gate at Caesars Palace, prior to the disclosure of expert witnesses and reports. However, this inspection should be conducted after Peelle is added as a party in order to allow Peelle to meaningfully participate in the inspection and to avoid requiring a second inspection.

1  Moreover, this inspection will require the coordination of at least 4 attorneys and their experts,

2  which the parties likely will not be able to before Plaintiff's initial expert disclosure deadline, which

3  is currently set for August 16, 2023.

4      **4.**   **Expert witness depositions:**  Expert witness depositions are expected to be

5  completed after the disclosure of expert witnesses pursuant to this Court's order.  However, each

6  party is expected to retain multiple expert witnesses and it will therefore take additional time to

7  coordinate, prepare for, and take the depositions.  Furthermore, the expert depositions should be

8  conducted after Peelle is added as a party in order to allow Peelle to attend the depositions to avoid

9  requiring a second deposition of multiple expert witnesses.

10      **5.**   **Other discovery:** Moreover, the extension will allow the parties to do any necessary

11  follow-up discovery after responses to existing written discovery are served, to depose later-

12  identified witnesses and experts, and to obtain any additional records.

13      **III.**   **GOOD CAUSE EXISTS FOR A DISCOVERY EXTENSION**

14  The parties have been diligently conducting discovery in this matter, as evidenced by the

15  written discovery exchanged between the parties.  However, Peelle is a necessary party in this case

16  because it manufactured the security gate at issue in this case. Plaintiff has just obtained a second

17  90-day extension to serve Peelle, a Canadian company, until October 16, 2023 and therefore a 120-

18  day extension on all discovery deadlines is practical here to ensure that Peelle has adequate time to

19  be added as a party and subsequently to participate meaningfully in the forthcoming discovery

20  efforts proposed by the parties.  Specifically, to avoid having to conduct a second deposition of

21  Plaintiff, and nonparty physicians and Caesars employees, the parties request an extension to be

22  able to conduct this necessary discovery after Peelle enters the case.  More importantly, the safety

23  gate is a vital part of this product liability case.  The parties need to conduct discovery involving

24  Peelle, which includes written discovery, document requests involving the safety gate at issue, and

25  a FRCP 30(b)(6) deposition of the party.  This discovery needs to occur before the expert disclosure

26  deadlines (currently August 16, 2023 and September 18, 2023) in order for the parties to serve

27  fulsome and relevant expert disclosures involving the safety gate at issue.  Therefore, due to the

28  nature of Plaintiff's extension to serve Peelle, as well as the number of parties and potential experts

1    in this case, an additional 120 days for discovery is necessary to allow enough time to complete the

2    discovery outlined above and to properly develop the claims and defenses of each respective party.

3           Plaintiff and Defendants agree with the proposed extension of the current discovery

4    deadlines by 120 days.  Accordingly, no party is prejudiced by the additional time necessary to

5    conduct the remaining discovery and to prepare for expert discovery.  Counsel for the parties have

6    been diligently working together to prepare this stipulation and obtain an extension of the current

7    discovery deadlines.

8           All of the foregoing circumstances constitute good cause to extend the remaining discovery

9    deadlines, and the parties jointly and in good faith request this Court enter an Order extending the

10   discovery deadlines in accordance with their stipulation.

11   **IV.    PROPOSED REVISED DISCOVERY PLAN**

12          The parties hereby stipulate to continue the discovery deadlines and dispositive motion

13   deadline 120 days and propose the following amendments to the current discovery deadlines:

|  | **Old Deadline** | **New Deadline** |
|---|---|---|
| Final date to amend pleadings or add parties: | August 7, 2023 | **December 5, 2023** |
| Plaintiff's initial expert disclosures: | August 16, 2023 | **December 14, 2023** |
| Defendant's initial expert disclosures: | September 18, 2023 | **January 16, 2024** |
| Rebuttal expert disclosures: | October 17, 2023 | **February 14, 2024** |
| Discovery cut off: | November 14, 2023 | **March 13, 2024** |
| Dispositive Motions: | December 14, 2023 | **April 12, 2024** |

No trial date has been set.

1

**SUBMITTED BY THE FOLLOWING COUNSEL OF RECORD:**

2

Dated:  July 26, 2023.

3

4

**EVANS FEARS SCHUTTERT**                              **BROWNE GREEN, LLC**
**MCNULTY MICKUS**

5

6

/s/ Jay J. Schuttert_____                   /s/ Jaren Green_____

7

Jay J. Schuttert, Esq. (SBN 8656)                     Jared Green, Esq. (SBN 10059)
Alexandria L. Layton, Esq. (SBN 14228)                Brian Unguren, Esq. (SBN 14427)
Paige S. Silva, Esq. (SBN 16001)                      3755 Breakthrough Way, Suite 210

8

6720 Via Austi Parkway, Suite 300                     Las Vegas, NV 89135

9

Las Vegas, NV 89119

*Attorneys for Defendant Otis Elevator*

10

*Attorneys for Defendant*                             *Company*
*Schindler Elevator Corporation*

11

12

**AHLANDER INJURY LAW**

13

14

/s/ M. Erik Ahlander_____

15

M. Erik Ahlander, Esq. (SBN 9490)
9183 W. Flamingo Road, Suite 110

16

Las Vegas, NV 89147

17

*Attorneys for Plaintiff Kevin McDermott*

18

19

**ORDER**

20

**IT IS SO ORDERED**

21

**DATED:** 11:36 am, July 27, 2023

22

23

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

24

25

26

27

28